## S. Spengler v. P. T. O'Shea.

1. Ejectment. *Evidence of title.  Presumption  as  to return  of writ  of attachment.*

    Where, in an action of ejectment, the plaintiff, to support his title, offers in evidence a writ of attachment, which, being returnable to the circuit court, was executed by a constable, and passed through the sheriff's office and into the circuit court, it will be presumed in the absence of evidence to the contrary that such writ (though bearing no indorsement by the sheriff) was handed to the sheriff and by him returned to the circuit court, as required by Sec. 2426, Code of 1880, and not by the constable.

2. Same. *Evidence of title.   Writ  of attachment, without  return  endorsed.   Sec.* 2426, *Code of* 1880, *applied.*

    The failure of the sheriff to indorse the fact, and date, of receipt of such writ of attachment returnable to the circuit court and executed by a constable on realty alone, though such endorsement would have been proper, did not effect the validity of the levy, nor deprive the court of jurisdiction in the attachment proceeding, under Sec. 2426, Code of 1880, which provides that in such case the constable must at once return the writ, and turn over the property levied on to the sheriff, who "shall return the writ to the proper officer, with a statement of his action thereunder."

Appeal from the Circuit Court of Warren County.

Hon. Ralph North, Judge.

This is an action of ejectment brought by S. Spengler against P. T. O'Shea to recover possession of certain lots of land in Warren County.

Both parties claimed through one George M. Klein. The plaintiff to support his title offered in evidence a writ of attachment sued out by one D. B. Rundle against John A. and Geo. M. Klein. This writ was executed by a constable by levying only on real estate, included in which were the lots in contro-

versy. The return of the constable was in due form, and in accordance with legal requirements ; but there was no indorsement thereon to show that the writ· was returned by the constable to the sheriff, and by the latter returned to the circuit court. The plaintiff introduced one McGee, who testified that he was deputy in the office of the sheriff of Warren County at the time the writ of attachment above referred to was executed, to wit, in 1883 : That the book offered in evidence, called the sheriff's "Attachment Docket," is a book kept in said office in which all returns on writs of attachment coming to the sheriff's hands are entered, that such a docket has been kept, and so used for a long period, reaching back many years before 1883, in which docket will be found the entries of all returns on attachments received by the sheriff; that he believes the words " docket p. 84," indorsed on the writ of attachment above referred to, are in the hand-writing of Mr. Denio, who was a deputy in the sheriff's office in 1883.

The plaintiff then offered in evidence an entry from the minute book of the December term, 1883, of the circuit court, which is as follows : " Rundle v. Klein, et al." In the foregoing styled case it is ordered that Chas. O'Connor, constable, correct the return on the writ of attachment according to the facts.

The plaintiff also offered in evidence the entry of a judgment in the case of Rundle v. Klein, et al. This judgment was entered on a supplemental minute book, which had been specially ordered by the court for entering proceedings in a series of cases against the Kleins.

The plaintiff offered evidence of certain proceedings had in the federal court for the southern district of Mississippi, to complete his title ; but it is not necessary to set out here the character or purpose thereof.

The plaintiff having rested, the record shows that " upon defendant's motion the court then ruled out the writ of attachment and the return thereon made by the constable, heretofore put in evidence, because it was levied by a constable, and there appeared on it no return of the sheriff, nor anything on it showing that it had come to his hands, to which action the plaintiff excepted."

A judgment was rendered for the defendant, and the plaintiff appealed.

*Shelton & Crutcher,* for the appellant.

In this case the question is: Is the failure to find on the writ any written statement, that the constable handed the writ to the sheriff and he delivered it to the clerk, a fact fatal to the jurisdiction of the court? In other words: Does the jurisdiction to render a judgment on the writ depend on the statement of the facts in the writing on the writ, or were these facts of such a nature that, in a collateral attack on the judgment, the record being silent on the subject, they will be presumed to have been brought to the knowledge of the court when the judgment was rendered?

We insist that unless a provision of the statute be shown directing that these facts shall be brought to the court's knowledge by written endorsements on the writ, the judgment cannot be attacked collaterally on account of such omission.

No such provision of the statute can be shown.

It is conceded that, under Section 2426 of the Code, the constable had authority to make the levy. Neither is it denied that the levy was legally made, and the return of the constable's action properly written on the writ.

The statute provides, further, that after the levy the writ, with the return of the constable's action written on it, and all property and effects levied on, shall be "handed" to the sheriff, who shall receive and safely keep the property, and return the writ to the clerk, with a written statement of his action under it.

In case of a levy on real estate the only fact which the statute requires to appear in writing on the writ is the mode and manner of the levy and summons of the defendant. All other acts required by the statute are acts *in pais,* and can be proven by *parol.*

This court has held that the return of the writ to the clerk is not a fact required to appear, or which ever appears on the writ. It is a matter *in pais,* to be proven by *parol.*

*Izod* v. *Addison,* 5th Howard (Miss.), 432 ; *Beall* v. *Shattuck,* 53 Miss., 358.

In the last case the court says: "Strictly speaking the

'return' is the return of the process to the office whence it issued."

The law requires the officer to note thereon how he has executed the same. It would seem, then, that the only thing required to be noted in writing on the writ is the mode of the levy of the writ.

If, then, we are correct in the above propositions, the handing of the writ to the sheriff, and the return of it by him to the clerk, were not facts which must be brought to the knowledge of the court by writing on the writ; but facts of which the court could be advised otherwise. Then, we insist, that this record being silent on the subject—neither averring nor denying these facts—the well known rule applicable in a case where a judgment is attacked collaterally—that where the record is silent with respect to any act which must have been established before the court could have rightly acted, it will be presumed that such fact was properly brought to the knowledge of a court of general jurisdiction, acting within the scope of its authority, and its judgment will be presumed correct—applies in this case.

*Settlemlier* v. *Sullivan*, 97 U. S., 444; *Bowen* v. *Seale*, 45 Miss., 30; *Crawford* v. *Redus*, 54 Miss., 700.

We insist, then, that the lien of the levy having been perfected by a judgment rendered on the writ, and that this judgment in a collateral proceeding must be presumed to be correct, notwithstanding the omission to note on the writ in writing, the handing of it to the sheriff and his return of it to the clerk, the court erred in excluding the writ as a muniment of title.

*Catchings & Dabney*, for the appellee.

The motion to exclude the writ of attachment was made as one which would fully test the sufficiency of plaintiff's case.

There was no error in the ruling of the court, the writ of attachment and the return, alone, being considered. Without the writ being returned by the sheriff the court has no jurisdiction. *Tucker* v. *Byars*, 46 Miss. 549 ; *Barnett* v. *Ring*, 55 Miss. 98.

The statute (Sec. 2426) provides that in cases where the writ is executed by a constable he shall deliver the writ and property attached to the sheriff, " who shall return the writ to the proper officer, with a statement of his action under it."

Even if he took no action under it, it was his duty to make a written return on the writ showing that it had come to his hands ·and by him been returned to the court.

In *Tucker* v. *Byars*, it was held that the return by the sheriff was necessary to give the court jurisdiction. Without a written return by the sheriff, how is the court to know whether it has jurisdiction or not?

Returns of officers executing writs of attachment become part of the record, and must be in writing, and must stand or fall as written, unless amended. *Waples on Attachment,* 251; *Drake on Attachment,* 204, *et. Sec.*; *Freeman on Execution,* Secs. ·358 and 363; *Beall* v. *Shattuck,* 53 Miss. 358; *Fairfield* v. *Paine,* 41 Am. Dec. 358; Also note 13, Am. Dec. 173.

ARNOLD, J., delivered the opinion of the Court.

There is sufficient evidence in the record to show that the judgment in the attachment suit was valid, and it was error to ·exclude the writ of attachment and the return thereon from the jury.

It appears that the writ of attachment did reach the sheriff's ·office and the circuit court. It was the duty of the constable, under Sec. 2426 of the Code, after he had executed the writ, to hand it, with his return thereon, to the sheriff, and in the absence ·of proof on the subject, we must ·presume that this was done, and that the writ was returned by the sheriff, and not by the ·constable, to the circuit clerk.

The writ having been levied by the constable on land alone, there was no action for the sheriff to take under it, and it was his duty to return it to the circuit clerk, as required by Sec. 2426 of the Code. It would have been proper for the sheriff to have endorsed on the writ the fact, and the date of its receipt by him from the constable; but his failure to do so did not affect the levy made, nor deprive the court of jurisdiction.

This disposes of the errors assigned, and consequently of the questions that can be properly considered by us in the case.

*Reversed and remanded.*